UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 11-cr-4461-BEN |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO REDUCE SENTENCE** |
| v. | **[Dkt. Nos. 73 and 77]** |
| OMAR LUCAS, | |
| Defendant. | |

Defendant moves for a reduction in his sentence under 18 U.S.C. § 3582(c), arguing that amendment 782 to the Sentencing Guidelines warrants the modification. He also moves to expedite consideration of his motion.

Section 3582(c)(2) establishes a two-step inquiry for sentence reduction proceedings. At the first step, the court decides eligibility for sentence reduction by determining whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *United States v. Hernandez-Martinez*, 933 F.3d 1126, 1130 (9th Cir. 2019), *cert. denied,* 140 S. Ct. 879, 205 L. Ed. 2d 491 (2020); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010). "The policy statement applicable to § 3582(c)(2), United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, authorizes a sentence reduction if, but only if, the retroactive amendment has the "'effect of lowering the defendant's applicable Guidelines range.'" *Id.* (citing U.S.S.G.

1

§1B1.10(a)(2)(B)). To apply this policy statement, a court determines whether the Guidelines range is lowered by calculating the amended Guidelines range that would have been applicable to the defendant if the relevant Guidelines had been in effect at the time the defendant was sentenced. *Id*. But that determination is not the end of the eligibility inquiry. "Another provision of the policy statement . . . generally prohibits sentence reduction if the original term of imprisonment is below the lower end of the amended Guidelines range." *Id.* (citing § 1B1.10(b)(2)(A)).

Defendant does not qualify for a sentence modification under amendment 782. Defendant was convicted, pursuant to a plea agreement, of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced in November 2012 (prior to the amendment to the drug offense Guidelines) to 120-months in prison. He now seeks a reduction to 101-months.

Defendant admitted in the plea agreement to distributing three ounces of cocaine base (79 grams) in the form of crack cocaine on March 16, 2010. The Pre-Sentence Report also describes Defendant's sale of 117 grams of crack cocaine on June 1, 2010 and the sale of 54.7 grams of crack cocaine on October 26, 2010. The Pre-Sentence Report calculated the base offense level using the total of 250.7 grams of crack cocaine. Under the Sentencing Guidelines in effect at that time the base offense level was 30. However, because Defendant qualified as a career offender, the offense level was the higher offense level of 34. With a three-level reduction for acceptance of responsibility, the resulting offense level was 31 with a Criminal History Category VI. The Sentencing Guidelines Range was 188 to 235-months. Because Guideline § 4B1.1(b) assigns an offense level of 34 to a career offender regardless of the base offense level, any change to the underlying drug offense level has no effect on the ultimate Guidelines range. Thus, while the new Guidelines assign a base offense level of 28 instead of 30 for a drug quantity of 250.7 grams of cocaine base, the career offender provision still dictates a base offense level of 34.

At the time of sentencing, it was not necessary for the Court to specifically find the quantity of cocaine base upon which to calculate the Sentencing Guidelines, because of the career offender Guideline. For the same reason, it still is not necessary. However, to the extent it matters now, based on the plea agreement and the Pre-Sentence Report, the Court hereby makes supplementary findings that Defendant is more likely than not responsible for 250.7 grams of cocaine base. *United States v. Mercado-Moreno*, 869 F.3d 942, 957 (9th Cir. 2017) ("It is sufficient for the district court to consider the amount of the new threshold in the retroactive amendment, here 4.5 kilograms, and determine whether a preponderance of the evidence in the record indicates that the defendant is more likely than not responsible for that amount.").

Defendant's Sentencing Guidelines range of 188 to 235-months was calculated on a base offense level of 30 and an adjusted career offender offense level of 34. While the amended Guidelines change the base offense level down to 28 for a quantity of 250.7 grams of cocaine base, the adjusted career offender level remains at 34. Moreover, Defendant was sentenced below the low-end of the Guidelines range. The Guidelines range for a base offense level 28 and Criminal History Category VI is 140 to 175-months. The imposed sentence of 120-months remains below the low end of that range.

Therefore, Defendant's Motion for Reduction in Sentence is Denied.

IT IS SO ORDERED.

DATED: May 28, 2020

HON. ROGER T. BENITEZ
United States District Court Judge